IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **REVEREND HEIDI GROSSMAN-LEPP,** *et al.*, <br>     *Plaintiffs*, <br><br> v. <br><br> **TOMMY H. WILSON,** *et al.*, <br>     *Defendants*. | **CIVIL ACTION NO.** <br> **5:25-CV-00240-TES** |

**ORDER TO AMEND**

Before the Court is an Emergency Motion for Temporary Restraining Order and Preliminary Injunction [Doc. 1] filed by pro se Plaintiffs Heidi Grossman-Lepp and Kelly Farlie. By way of review, Plaintiffs filed this civil action on June 4, 2025, seeking broad injunctive relief—including an order halting the prosecution and detention of Joseph Farlie, whom they allege was unlawfully arrested for transporting sacramental cannabis for religious purposes—and asserting a wide range of constitutional and statutory violations by a superior court judge, prosecutor, public defender, and sheriff's department. *See* [Doc. 1].

Plaintiff Grossman-Lepp also filed a Motion for Leave to Proceed *in Forma Pauperis* (IFP) [Doc. 2], which the Court denied. *See* [Doc. 3]. Because the Court denied that motion, it did not screen Plaintiffs' Complaint under 28 U.S.C. § 1915(e)(2)(B). *See* [Doc. 3].

After Plaintiffs paid the filing fee on June 12, 2025, the Court observed that Plaintiffs "purport to represent the interests of third parties," yet "neither Plaintiff has shown that she is licensed to practice law in any state nor that they are admitted to practice in this Court." [Doc. 6, p. 2]. Accordingly, the Court ordered Plaintiffs to show cause "why the Court should not strike or dismiss all claims asserted on behalf of [third parties] for lack of proper representation." [*Id.*].

In their Response [Doc. 7] to the Order to Show Cause, Plaintiffs clarified "that they are appearing solely on their own behalf (and Plaintiff Kelly Farlie also as legal parent and natural guardian of minor child O.F.)." [*Id.* at p. 1]. This raises two issues: (1) whether Mrs. Farlie may bring claims on behalf of her minor child and (2) whether Plaintiffs' Motion asserts claims and requests relief on behalf of third parties. *See* [Doc. 1].

A.  **Claims on Behalf of Minor Child O.F.**

First, because Plaintiff Farlie is not an attorney, she may not bring claims on behalf of her minor child. As the Court explained in its Order to Show Cause, [w]hile individuals in federal court generally "may plead and conduct their own cases personally," 28 U.S.C. § 1654, "the right to appear pro se does not extend to . . . representing the interests of others." *Grappell v. Carvalho*, 847 F. App'x 698, 701 (11th Cir. 2021). In the Eleventh Circuit a non-attorney parent cannot act as legal counsel on behalf of their minor child. *Dixit v. Fairnot*, No. 23-11436, 2025 WL 1733887, at *4 (11th Cir. June

2

23, 2025); *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997) *overruled in part on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007); *see also Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005). Thus, although Federal Rule of Civil Procedure 17(c) permits a parent to sue on behalf of a minor child, it does not authorize non-attorneys to do so without counsel. *Devine*, 121 F.3d at 581; *see also Grappell*, 847 F. App'x 698.

Plaintiff Farlie argues, relying on *Devine*, *Tindall*, and *Winkelman*, that "she has standing to bring claims on [her son's] behalf where the government conduct directly impacts their familial relationship and religious participation." [Doc. 7, p. 4]. But that argument is foreclosed by controlling precedent. *See Devine*, 121 F.3d at 581. *Devine* and *Tindall* directly reject Plaintiff Farlie's argument. *Devine*, 121 F.3d at 581 (holding that non-attorney parents may not bring a pro se action on their child's behalf); *Tindall*, 414 F.3d at 284 (affirming a district court's dismissal where a non-attorney mother brought pro se claims on her son's behalf); *see also Warner v. Sch. Bd. of Hillsborough Cnty., Fla.*, 2024 WL 2053698, at *3 (11th Cir. 2024) (applying *Devine* and affirming a district court's dismissal of a non-attorney parent's pro se claims on behalf of his minor child); *see, e.g.*, *Downing v. Thompson*, No. 5:24-cv-00277-TES, 2024 WL 4829476, at *1 n.3 (M.D. Ga. Nov. 18, 2024) (observing that "non-lawyer parents cannot sue on behalf of minor children"). Moreover, *Winkelman* is inapposite. *Winkelman*, 550 U.S. at 535. There, the Supreme Court narrowly held that non-attorney parents could bring pro se claims to vindicate

*their own rights* under the Individuals with Disabilities Education Act (IDEA). *See Winkelman*, 550 U.S. at 535. However, the Court expressly declined to reach the issue of whether non-attorney parents could bring pro se claims to vindicate their children's rights under the IDEA. *Id.*

Because Plaintiff Farlie does not appear to be an attorney, and because controlling precedent prohibits non-attorneys from asserting claims on behalf of minor children, all claims brought on behalf of minor child O.F. are subject to dismissal. *See* [Doc. 1]; [Doc. 7].

### B.      Order to File an Amended Complaint

Plaintiffs' Motion also clearly seeks relief on behalf of Joseph Farlie. *See* [Doc. 1]. In their Response to the Court's Order to Show Cause, Plaintiffs' claim "that they are appearing solely on their own behalf"—yet their Motion lists Joseph Farlie as a "party" and the very first paragraph of their Motion states that they are seeking "to stop the egregious, unconstitutional discrimination and persecution of Joseph Michael Farlie." [*Id.* at ¶ 1]. Plaintiffs clearly filed this Motion seeking to vindicate Mr. Farlie's rights under several federal statutes and the Constitution.[1] For the same reasons Plaintiffs cannot bring claims on behalf of minor child O.F., they cannot bring claims on behalf of

---

[1] Specifically, Plaintiffs seek to vindicate Mr. Farlie's rights under the Religious Freedom Restoration Act (RFRA), the Religious Land Use and Institutionalized Persons Act, and the Americans with Disabilities Act, as well as his rights secured by the Fifth, Eighth, and Fourteenth Amendments. [Doc. 1, ¶¶ 2, 8, 10, 11, 13]. They appear to argue that RFRA applies to state and local governments without acknowledging nearly two decades of law to the contrary. *But see City of Boerne v. Flores*, 521 U.S. 507, 536 (1997) (holding that while RFRA applies to the federal government, it cannot be applied to state or local governments).

4

Joseph Farlie or any other third party.

Accordingly, the Court, exercising its inherent authority to manage its docket and enforce the Federal Rules of Civil Procedure, **DISMISSES without prejudice** all claims brought on behalf of nonparties, including minor child O.F. and Michael Farlie. Those claims are difficult to untangle from the remainder of the Motion, so in the interest of judicial economy and fairness to Defendants, the Court further **ORDERS** Plaintiffs to amend their Motion [Doc. 1] **within 21 DAYS** of the date of this order.

The amended filing must clearly identify the parties and may not include any claims or requests for relief on behalf of any third parties.[2] Plaintiff should state their claims as simply as possible and need not use legal terminology or cite any specific statute or case law. *See* Fed. R. Civ. P. 8. Failure to comply with this Order could result in the dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**SO ORDERED**, this 16th day of July, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] Of course, Plaintiffs may secure legal counsel for minor child O.F., and Michael Farlie may seek to join this action as a party. But Plaintiffs—who are not attorneys—may not assert claims on their behalf. See 28 U.S.C. § 1654; *Devine*, 121 F.3d at 581.