IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| REVEREND HEIDI GROSSMAN-LEPP, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>TOMMY H. WILSON, *et al.*,<br><br>*Defendants.* | CIVIL ACTION NO.<br>5:25-cv-00240-TES |

ORDER DISMISSING CASE

Plaintiffs initiated this action on June 4, 2025, by filing an Emergency Motion for Temporary Restraining Order and Preliminary Injunction [Doc. 1] seeking broad injunctive relief and asserting a wide range of claims for violations of the United States Constitution and federal law by a superior court judge, prosecutor, public defender, and sheriff's department. Plaintiff Heidi Grossman-Lepp also filed a Motion for Leave to Proceed *in Forma Pauperis* (IFP) [Doc. 2], which the Court denied. *See* [Doc. 3].

After Plaintiffs paid the filing fee on June 12, 2025, the Court observed that they "purport to represent the interests of third parties," yet "neither Plaintiff has shown that she is licensed to practice law in any state nor that they are admitted to practice in this Court." [Doc. 6, p. 2]. Accordingly, the Court ordered Plaintiffs to show cause "why the Court should not strike or dismiss all claims asserted on behalf of [third parties] for lack of proper representation," warning that failure to comply could result in dismissal

under Federal Rule of Civil Procedure 41(b). [*Id.*]. Plaintiffs responded on July 11, 2025, stating "that they are appearing solely on their own behalf (and Plaintiff Kelly Farlie also as legal parent and natural guardian of minor child O.F.)." [Doc. 7, p. 1].

On July 16, 2025, the Court dismissed without prejudice all claims brought on behalf of nonparties—including minor child O.F. and Joseph Farlie—and ordered Plaintiffs to amend their filing within 21 days to clearly identify the proper parties and state only their claims. [Doc. 8, p. 5]. The Court once again warned that failure to comply with the Court's orders could result in dismissal under Rule 41(b). [*Id.*]. The Clerk of Court mailed that Order on July 17, 2025. The amendment deadline has passed, and Plaintiffs have not filed an amended pleading. *See* [*id.*]; Fed. R. Civ. P. 6(d).

Instead, on August 5, 2025, nonparty Joseph Farlie submitted an affidavit and a motion to remove his state criminal counsel. [Doc. 9]; [Doc. 10]. In his sworn affidavit, Mr. Farlie falsely claimed that the Court had issued a TRO requiring the Monroe County Sheriff's Office to "immediat[e]ly permit Mr. Farlie access to his prescribed medical cannabis oil or release him from custody to seek appropriate [m]edical [t]reatment." [Doc. 9, p. 1]. The Court denied the motion the next day, clarifying that no such TRO had issued, noting that Mr. Farlie is not a proper party to this case, and thus cannot file anything in it. [Doc. 11]. Additionally, the Court observed that it lacks jurisdiction to remove Mr. Farlie's appointed counsel in his state criminal case. [*Id.*].

Federal Rule of Civil Procedure 41(b) authorizes dismissal where a plaintiff fails

to prosecute or to comply with a court order, and courts have inherent authority to manage their dockets. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). The Order to Show Cause and Order to Amend from June 26, 2025, and July 16, 2025, respectively, both expressly warned Plaintiffs that failure to comply with the Court's orders could result in dismissal. *See* [Doc. 6, p. 2]; [Doc. 8, p. 5]. Plaintiffs' failure to comply despite those warnings warrants dismissal. The Eleventh Circuit has held time and time again that "dismissal upon disregard of an order, especially where the litigant has been forewarned," can be a permissible sanction even when a litigant is proceeding pro se. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Accordingly, the Court **DISMISSES** Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction [Doc. 1] **without prejudice** for failure to comply with its order and prosecute their case. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The [C]ourt may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order."). The Court **DIRECTS** the Clerk of Court to enter judgment and **CLOSE** this case.

**SO ORDERED**, this 12th day of August, 2025.

_____
TILMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT COURT